STATE of Utah, Plaintiff and Respondent,

v.

William COLEMAN, Defendant and Appellant.

No. 13885.

Supreme Court of Utah.

Sept. 29, 1975.

Rita G. James, Ogden, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

The defendant was charged with possession of a dangerous weapon by a convicted person, in violation of Section 76–10–503, U.C.A.1953, which reads as follows:

Any person who is not a citizen of the United States or any person who has been convicted of any crime of violence under the laws of the United States, the state of Utah, or any other state, government, or country, or who is addicted to the use of any narcotic drug, or any person who has been declared mentally incompetent shall not own or have in his possession or under his custody or control any dangerous weapon as defined in this part. Any person who violates this section is guilty of a class A misdemean-

3. *Chapman v. Calif.*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

or, and if the dangerous weapon is a firearm or sawed-off shotgun he shall be guilty of a felony of the third degree.

The defendant is here seeking a reversal claiming that the statute is invalid as applied to his case, it being ex post facto and in violation of the United States Constitution[1] as well as the Constitution of Utah.[2] The defendant further claims that the statute is subject to the challenge of vagueness.

The defendant was convicted of assault with a deadly weapon in the year 1969, and the statute above set forth was enacted by the legislature in 1973 as a part of the revision of the Criminal Code. At the trial the prosecution adduced evidence to show that the defendant had a rifle in his possession and that he was the same William Coleman who was convicted of assault with a deadly weapon in 1969.

The statute under consideration only has prospective application and in no way affects the 1969 conviction of the defendant. It appears that the legislature was not interested in imposing a heavier burden or greater penalty upon those who had previously been convicted of crime. The legislature acted within its authority in restricting the use and possession of firearms by those who by their prior conduct had demonstrated an unfitness to be entrusted with those weapons.[3]

The defendant further contends here that the language of Section 76–10–501(5), U.C.A.1953, as amended by Laws of 1973, which defines "Crimes of Violence" does not by its terms include an assault with a deadly weapon with intent to do bodily harm. It should be noted that the statute here under consideration is in broad terms and specifically deals with crimes of violence under the laws of any state and country. There can be no question that an assault with a deadly weapon with intent to do bodily harm as proscribed by the Utah Criminal Code, prior to its amendment, denounces a crime of violence.

Defendant also contends that the wording of the statute which mentions a sawed-off shotgun does not mention or define a rifle as being a firearm and that it is uncertain as to whether the defendant should have been convicted of a felony rather than a misdemeanor. Defendant urges this court to remand the case for the purpose of directing the lower court to impose a sentence for a misdemeanor. We see no merit in this contention as it goes without saying that a rifle is in fact a firearm.

After a careful review of the record we conclude that the judgment of the trial court should be and the same is affirmed.

HENRIOD, C. J., and ELLETT, CROCKETT and MAUGHAN, JJ., concur.

1. Article I, Section 10.

2. Article I, Section 18.

3. *Cases v. United States*, 1 Cir., 131 F.2d 916; *United States v. Donofrio*, 5 Cir., 450 F.2d 1054.