407 So.2d 427 (1981)
Joseph RICHEY
v.
John HUNTER, et al.
No. 14381.
Court of Appeal of Louisiana, First Circuit.
November 23, 1981.
*428 Joseph Richey, in pro. per.
Joseph H. Macaluso, Jr., Trial Atty., Staff Atty., Dept. of Justice, Baton Rouge, for defendants-appellees John Hunter, Kate B. Bankston, Margaret A. Bolton, Johnny Jackson, Sr. and H. H. Eddington.
Before ELLIS, LOTTINGER and PONDER, JJ.
PONDER, Judge.
Plaintiff appealed from the dismissal of his petition for judicial review of the denial of a hearing on his pardon application.
When plaintiff filed an application with the Board of Pardons, it sent him notice that his application had been received and given a docket number and that he would be informed later of the hearing date. Thereafter it notified him that the Board was using its discretionary powers to deny a hearing. Plaintiff filed suit against the Board of Pardons and its members, seeking declaratory judgment, injunctive relief and compensatory and punitive damages. The lower court dismissed the suit on a peremptory exception of no cause of action.
Plaintiff asserts that LSA-R.S. 15:572.4, as amended by Acts 1979, No. 490, allowing the Board of Pardons to adopt its rules for considering clemency applications, violates his constitutional right of due process because the lack of objective standards gives rise to such abuse as racial prejudice, caprice and other similar injustices, that the rule allowing denial of an application without a hearing violates the ex post facto clause of the Federal and State Constitutions, that the Board of Pardons should be governed by the Administrative Procedure Act, and that plaintiff's First and Fourteenth Amendment rights have been violated.
We affirm.
A pardon, a matter of grace from the state, is a function of the executive branch of government not subject to the limitation or control of other branches. Bryant v. Louisiana State Pardon Board, 378 So.2d 180 (1st Cir. 1979). Article IV § 5 (E) of the Louisiana Constitution gives to the governor the power to grant reprieves upon recommendation of the Board of Pardons. Acts 1979, No. 490 § 1, LSA-R.S. 15:572.6 provides:

*429 "No person shall have a right of appeal from a decision of the board of pardons or the governor regarding clemency."
Plaintiff attempts to distinguish Bryant in that he was denied a hearing under the discretionary powers of the Board.
To determine if the due process requires a hearing, we must consider the nature of the interest at stake rather than the weight; the person asserting the interest must have a legitimate claim of entitlement rather than an abstract need or desire. Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).
A prisoner who has been properly convicted has no constitutional or inherent right to a pardon or early release from a valid sentence. Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). However, the state may create an expectancy entitled to constitutional protection. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).
Louisiana has provided only for the possibility of a pardon, not an expectancy. LSA-R.S. 15:572 (A).[1] The Board is given the power to adopt rules and regulations, as necessary, to perform its duty, LSA-R.S. 15:572.3(1), 572.4(A) and 574.[2] A law that imposes no specific criteria or procedural limits on the Board but merely provides for the existence of the power to pardon does not give a prisoner a constitutionally protected right. Connecticut Board of Pardons v. Dumschat, ___ U.S. ____, 101 S.Ct. 2460, 69 L.Ed.2d 158 (1981).
Plaintiff claims that the rules passed by the Board enabling it to use its discretionary power to deny a pardon without a hearing[3] are in violation of the ex post facto clause. Louisiana Constitution, Article 1 § 23.[4] United States Constitution, Article 1 § 10.[5]
*430 A statute is considered ex post facto when it is enacted after an offense is committed and alters the situation to the disadvantage of the accused. State v. Sepulvado, 342 So.2d 630 (La.1977). The prohibition is intended to secure substantial personal rights from retroactive deprivation; it does not limit legislative control of remedies and modes of procedure which do not affect matters of substance. Portley v. Grossman, 404 U.S. 1311, 100 S.Ct. 714, 62 L.Ed.2d 723 (1980).
The statute regarding the hearing of a clemency application, LSA-R.S. 15:572.4,[6] as amended, replaced a provision requiring the Board to consider the applications chronologically, to send out reasons for a denied application and to review each denial with any additional evidence at least once.
The change in the law does not increase the punishment imposed or deprive the plaintiff of any substantive rights. Even if no hearing be held, there is no evidence that the Board does not give each application careful consideration. The ex post facto argument is without merit.
We find no reason for requiring the Board of Pardons to comply with all the provisions of the Administrative Procedure Act. LSA-R.S. 49:951 et seq. The denial of the right to judicial appeal of a Board decision is in direct conflict with that Act. LSA-R.S. 15:572.6. The Board is given the power to administer its own regulations and must comply with the Administrative Procedure Act only when adopting rules. LSA-R.S. 15:572.4(A).[7]
The Board of Pardons and its members are not liable for compensatory or punitive damages. Bryant v. Louisiana State Pardons Board, supra; Cruz v. Skelton, 502 F.2d 1101 (5th Cir. 1974).
For these reasons, the judgment is affirmed and costs are assessed to the plaintiff.
AFFIRMED.
NOTES
[1] LSA-R.S. 15:572(A):

"A. The governor may grant reprieves to persons convicted of offenses against the state and, upon recommendation of the Board of Pardons as hereinafter provided for by this Part, may commute sentences, pardon those convicted of offenses against the state, and remit fines and forfeitures imposed for such offenses."
[2] LSA-R.S. 15:572.3(1):

"In addition to the other powers, duties, and functions set forth in this Part, the board may:
(1) Adopt rules and regulations necessary to carry out the provisions of this Part and its duties and functions in connection therewith."
LSA-R.S. 15:572.4(A):
"A. Written rules, regulations and procedures for consideration or clemency applications shall be adopted by the Board of Pardons by January 1, 1980. Such rules, regulations and procedures shall be adopted in accordance with the procedures of R.S. 49:953(A)(1) and (2) and shall become effective upon approval of the governor."
LSA-R.S. 15:574:
"The board of pardons may adopt for its governance such rules as they may deem proper, not contrary to law; provided that the board shall not take up for consideration any application for a pardon, until the district attorney of the parish in which the person applying for the pardon shall have been convicted, shall have been notified and shall have had ample opportunity to attend the session at which said application shall be considered."
[3] Rule 4 Louisiana Board of Pardons, Discretionary Powers:

"An application may be considered by the Board any time after it is received, but no application will be considered by the Board until it deems the application to be complete.
In determining which cases are ready to be heard, the Board may, in its discretion, refuse to grant a hearing if an applicant has not served one-fifth (1/5) of his sentence. In cases of life sentences and sentences of forty-five (45) years or longer, the applications may be heard at the discretion of the Board. Additionally, the Board may refuse a hearing to an applicant because of his past criminal record or his poor conduct while incarcerated. However, if good cause is shown, nothing in this article shall prevent the Board from hearing the types of cases mentioned hereinabove.
In any matters not specifically covered by these rules, the Board shall have discretionary powers to Act."
[4] La.Const., Art. 1 § 23:

"No bill of attainder, ex post facto law, or law impairing the obligation of contracts shall be enacted."
[5] U.S.Const., Art. 1 § 10:

"No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility.
* * * * * *
[6] LSA-R.S. 15:572.4(B):

"Before considering the application for pardon of any person the board shall give written notice, at least thirty days prior to the hearing, to the district attorney and sheriff of the parish in which the applicant was convicted, to the applicant and any other interested persons of the date and time at which the application will be heard and considered. The district attorney and any other persons who desire to do so shall be given a reasonable opportunity to attend the meeting and be heard.
Added by Acts 1975, No. 593, § 2, eff. July 1, 1975. Amended by Acts 1979, No. 490, § 1."
[7] In Smith v. Dunn, 263 La. 599, 268 So.2d 670 (1972), the Supreme Court denied relief in similar claims against the Parole Board.