CRAIN, Judge.
Paul Von Scheppf is presently serving an eighteen year term of imprisonment at hard labor in the custody of the Department of Corrections.[1] On July 19, 1983, the State of Louisiana Board of Pardons (Pardon Board) denied Scheppf’s application for clemency. The reasons given for the denial were (1) opposition from law enforcement personnel and (2) his parole date.
Scheppf sought judicial review of the denial on the grounds that the denial was due to erroneous information which was prejudicial to defendant which had been furnished to the Pardon Board. He sought to have the court order the Pardon Board to furnish to plaintiff the information on *529 which it relied, to have the Pardon Board order a rehearing, and to order the Board to allow plaintiff to attend the hearing in order to refute the alleged misinformation. Defendant filed the peremptory exception raising the objection of no cause of action. A hearing on the exception was held before the Commissioner. The trial court followed the Commissioner’s recommendation and rendered judgment in favor of defendant, sustaining defendant’s exception. From this judgment Scheppf appeals alleging as error the trial court’s failure to address the equal protection claim. Plaintiff alleges that since La.R.S. 15:573 provides that all Pardon Board sessions shall be public, that he was denied equal protection of the law in not being allowed to attend the Pardon Board hearing of his clemency application in order to refute alleged prejudicial misinformation furnished to the Pardon Board.
Louisiana has not provided an applicant with a constitutionally protected right to a pardon, merely the possibility of one. Richey v. Hunter, 407 So.2d 427 (La.App. 1st Cir.1981). As we pointed out in Richey the Federal jurisprudence considering what constitutional protection is afforded a prisoner seeking clemency has clearly held that “[a] prisoner who has been properly convicted has no constitutional or inherent right to a pardon or early release from a valid sentence. Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979).” Richey, 407 So.2d at 429. A state may create an expectancy of a pardon which would then be entitled to constitutional protection. See Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). However, “Louisiana has provided only for the possibility of a pardon, not an expectancy.” Richey, 407 So.2d at 429. Consequently, where the Legislature has not imposed specific criteria or procedures on the Board in exercising its power, a prisoner has no constitutionally protected right to specific procedures. Connecticut Board of Pardons v. Dumschat, 452 U.S. 458, 101 S.Ct. 2460, 69 L.Ed.2d 158 (1981).
Plaintiff has no right of appeal from a denial of clemency. La.R.S. 15:572.6. Further, there has been no impairment of his constitutional rights. Consequently, the trial court was correct in maintaining the exception of no cause of action.
AFFIRMED.

. Scheppf pleaded guilty to manslaughter in violation of La.R.S. 14:31 on June 1, 1979 and was sentenced on February 25, 1980.