566 So.2d 819 (1990)
Jimmie WILLIAMS, Appellant,
v.
Richard DUGGER, Secretary, Florida Department of Corrections, Carl Kirkland, Superintendent, Okaloosa Correctional Officer, al Mercer, Classification Officer, Okaloosa Correctional Institution, Appellees.
No. 89-1201.
District Court of Appeal of Florida, First District.
August 9, 1990.
Jimmie Williams, pro se.
Robert A. Butterworth, Atty. Gen., and Jeff G. Peters, Asst. Atty. Gen., Tallahassee, for appellees.
JOANOS, Judge.
Appellant Jimmie Williams appeals the trial court's order denying his petition for writ of mandamus to preclude application of a 1987 statute to his 1978 conviction. The issue is whether retroactive application of section 944.30, Florida Statutes (1987) violates the ex post facto clauses of the federal and state constitutions. We reverse, and certify the issue as a question of great public importance. Art. V, § 3(b)(4), Fla. Const. (1980).
The facts as set forth in the petition for writ of mandamus indicate that in March 1976 appellant was indicted on a charge of first degree murder, for which a life sentence with a minimum mandatory twenty-five years was imposed on February 21, 1978. After pronouncing sentence, it is alleged that the trial court advised appellant that he would be eligible for clemency pursuant to section 944.30, Florida Statutes (1975), if he maintained a good institutional record for ten years.
In November 1987, appellant filed a request for an interview with his classification officer, to discuss an application for executive clemency. The classification officer advised that pursuant to section 944.30, appellant might not be eligible for a clemency recommendation, but was not precluded from requesting a waiver of the executive *820 clemency rules. When appellant requested clarification and information regarding the proper channels through which to pursue his request, he was advised that section 944.30 prohibits the Secretary of Corrections from making a recommendation for a section 947.25 clemency investigation for inmates convicted of a capital felony. Upon receipt of this information, appellant filed a request for administrative remedy with the Assistant Superintendent, asserting that since his conviction is more than ten years old, the new or amended section 944.30 does not apply to him. Appellant's request was denied, as was his subsequent administrative appeal.
Appellant then filed a petition for writ of mandamus in the Circuit Court of the Second Judicial Circuit, alleging ex post facto violations of the federal and state constitutions. The circuit court directed the Department of Corrections to show cause why the petition should not be granted. In response, the Department cited Glover v. State, 474 So.2d 886 (Fla. 1st DCA 1985), for explication of the ex post facto concept, and Richey v. Hunter, 407 So.2d 427 (La. Ct. App. 1st Cir.1981), as involving a situation analogous to the instant case. In an order filed March 9, 1988, the trial court denied appellant's petition for writ of mandamus, citing the Glover opinion as authority. Also on March 9, 1988, appellant filed a traverse to the state's response.
On January 12, 1989, appellant filed a motion to advance the cause, alleging the matter had been pending before the court for a period of one year and that appellant was entitled to a ruling as a matter of law. On May 2, 1989, appellant filed a notice of appeal, stating the order denying his petition was furnished to him on April 13, 1989, by order of this court in Case No. 89-850. At the direction of this court, a hearing was held September 29, 1989, to determine whether appellant was entitled to a belated appeal. In the subsequent order, the trial court found that appellant did not receive a copy of the March 9, 1988, order denying his petition prior to expiration of the time for filing an appeal, thereby preventing him from filing a timely notice of appeal. By order of this court dated November 28, 1989, the Department's motion to dismiss for lack of jurisdiction was denied, and appellant was granted a belated appeal.
Section 944.30, Florida Statutes (1975), in effect when appellant committed the capital felony for which he is now serving a life sentence, provides:
Life prisoners; commutation to term for years.  Any prisoner who is sentenced to life imprisonment, who has actually served 10 years and has sustained no charge of misconduct and has a good institutional record, shall be recommended by the [Department of Offender Rehabilitation] for a reasonable commutation of his sentence, and if the same be granted, commuting the life sentence to a term for years, then such prisoner shall have the benefit of the ordinary commutation, as if the original sentence was for a term for years, unless it shall be otherwise ordered by the Board of Pardons. (Emphasis supplied.)
In 1986, section 944.30 essentially was rewritten to provide:
Clemency; state prisoners. 
(1) Any person sentenced to the custody of the department for a term in excess of 40 years, up to and including life imprisonment, for a noncapital felony and who has served 10 calendar years of such sentence with the cumulative loss of no more than 30 days of gain-time may be recommended by the Secretary of Corrections for an investigation pursuant to s. 947.25.
(2) This section applies to any inmate in custody on or after July 1, 1987, but does not apply to any inmate who requested but did not receive a waiver of executive clemency rules until the commencement of the next ordinary review period.
This version of section 944.30 went into effect October 1, 1986, see Ch. 86-183, §§ 23, 48, Laws of Fla., and was repealed effective July 1, 1988. See Ch. 88-122, § 11, Laws of Fla. A statute is rendered ex post facto in application when (1) the law attaches legal consequences to crimes committed before the law took effect, and (2) the law affects the prisoners who committed *821 those crimes in a disadvantageous fashion. State v. Williams, 397 So.2d 663 (Fla. 1981), citing Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). In other words, "[t]he critical question is whether the law changes the legal consequences of acts completed before its effective date." Weaver, 450 U.S. at 31, 101 S.Ct. at 965, 67 L.Ed.2d at 24. See also Waldrup v. Dugger, 562 So.2d 687 (Fla. 1990).
Since appellant was sentenced for a capital felony, the change in section 944.30 attaches a legal consequence to his crime committed before the new statute went into effect. Under the 1975 version of section 944.30, the Department was required to recommend a reasonable commutation of sentence for life prisoners who maintained a good institutional record for ten years. Under the 1987 version of section 944.30, a recommendation for reasonable commutation of sentence not only was no longer mandated, but was completely precluded for prisoners sentenced for a capital felony.
We have examined the Louisiana cases cited by the Department, see, e.g., State v. Ferrie, 243 La. 416, 144 So.2d 380 (La. 1962); State v. Metoyer, 427 So.2d 93 (La. App. 3d Cir.1983); Richey v. Hunter, 407 So.2d 427 (La. App. 1st Cir.1981), and agree that the cases are factually analogous to the instant case, and present similar legal issues. However, these cases were decided before 1985 when the Supreme Court issued its opinion in Weaver v. Graham. In Weaver, the Court expressly rejected the "vested right" theory espoused by the Louisiana decisions, stating:
[c]ontrary to the reasoning of the Supreme Court of Florida, a law need not impair a "vested right" to violate the ex post facto prohibition... . Critical to relief under the Ex Post Facto Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases the punishment beyond what was prescribed when the crime was consummated. Thus, even if a statute merely alters penal provisions accorded by the grace of the legislature, it violates the Clause if it is both retrospective and more onerous than the law in effect on the date of the offense.
Weaver, 450 U.S. at 29, 101 S.Ct. at 964; Waldrup, at 692. In Waldrup, the court agreed with the analysis in Raske v. Martinez, 876 F.2d 1496 (11th Cir.), cert. denied, ___ U.S. ___, 110 S.Ct. 543, 107 L.Ed.2d 540 (1989), that the Weaver analysis is as applicable to discretionary gain time as it is to mandatory gain time, concluding that "[e]ven the `grace' of the legislature, once given, cannot be rescinded retrospectively." 562 So.2d at 692.
For similar reasons, we consider the trial court's reliance on the Glover decision to be misplaced. In Glover, the court drew a distinction between imposition of a sanction not in existence at the time a defendant committed his offense, and the opportunity to exercise an option to choose the after-the-fact sanction, i.e., sentencing under the guidelines. In so doing, the court held that application of the sentencing guidelines, with no opportunity for parole, to a defendant who exercised the option to choose guidelines sentencing did not result in an impermissible ex post facto law as to the defendant. Unlike the Glover scenario, appellant in this case did not affirmatively elect review of his sentence under the provisions of the new version of section 944.30, as opposed to the version in effect when the convicted offense was committed.
Application of the Weaver test to the facts of this case demonstrates that (1) the 1986 changes to section 944.30 attach legal consequences to prisoners who committed capital felonies before the effective date of the changed law, and (2) the changes are more onerous with regard to prisoners who committed capital felonies, in that formerly these prisoners were entitled to be considered for clemency, but now clemency consideration is precluded due to the change in the statute. By virtue of this change in section 944.30, appellant in this case has been denied the presumption of consideration for clemency provided under the prior law. Therefore, we conclude that this case is governed by the principles recited *822 in Weaver and its progeny, which hold that though a statute merely alters a provision construed as an act of legislative grace, it violates the ex post facto prohibition if it is both retrospective and more onerous than the law in effect on the date of the offense. See Waldrup, at 692.
As a final note, we reject appellant's argument alleging violation of his plea agreement, as well as the state's argument based on a per curiam decision without opinion. Appellant contends his plea was based in part on his understanding that after completion of a ten-year period of good institutional conduct, he would be recommended for clemency or a reasonable commutation of sentence. The petition states expressly that after sentence was pronounced, the trial court advised that appellant would be entitled to a clemency recommendation after ten years of good institutional conduct. Since sentencing necessarily follows acceptance of a plea, the petition, by its terms, establishes that appellant's plea was not influenced by a pre-plea understanding regarding eligibility for a clemency recommendation.
Similarly, we reject the state's contention that denial of appellant's petition for writ of mandamus must be affirmed on the authority of the Florida Supreme Court's summary denial of a petition for writ of habeas corpus. See Phillips v. Martinez, 544 So.2d 200 (Fla. 1989). It is settled law that a per curiam appellate decision with no written opinion has no precedential value. Department of Legal Affairs v. District Court of Appeal, 5th District, 434 So.2d 310, 311 (Fla. 1983); Granger v. Florida State Prison, 424 So.2d 937, 938 (Fla. 1st DCA 1983); Cummings v. State, 514 So.2d 406, 408 (Fla. 4th DCA 1987).
In summary, in accordance with the rationale articulated in Weaver, and explicated recently in Waldrup, we conclude that appellant is entitled to a recommendation for a reasonable commutation of sentence under section 944.30, Florida Statutes (1975), in effect when he committed the capital felony which is the focus of this appeal. However, because we recognize that the issue in this case does not involve basic or incentive gain time statutes, as was the case in both Weaver and Waldrup, we certify the following question to the Florida Supreme Court as a question of great public importance:
WHETHER THE 1986 CHANGES IN § 944.30, FLORIDA STATUTES, EFFECTIVE OCTOBER 1, 1986, ARE EX POST FACTO WHEN APPLIED TO PRISONERS CONVICTED OF CAPITAL FELONIES PRIOR TO THE EFFECTIVE DATE OF THE STATUTE.
Accordingly, the order denying the petition for writ of mandamus is reversed, and the cause is remanded for further proceedings.
BOOTH and BARFIELD, JJ., concur.