**William ANDREWS, Petitioner,**

**v.**

**The UTAH BOARD OF PARDONS; H.L. Haun, Chairman of the Board of Pardons; Donald E. Blanchard, Michael R. Sibbett, and William L. Peters, as members of the Utah Board of Pardons; Alan Keller, pro tem member of the Utah Board of Pardons; and Scott Carver, Warden of the Utah State Prison, Respondents.**

**No. 920347.**

Supreme Court of Utah.

July 28, 1992.

Supplemental Opinion, July 29, 1992.

Rehearing Denied Aug. 18, 1992.

R. Paul Van Dam, Salt Lake City, for State.

Robert R. Wallace, Daniel S. McConkie, Salt Lake City, for State, Blanchard, Haun, Peters, Sibbett, Carver, and Keller.

Lorenzo Miller, Salt Lake City, for the Bd. of Pardons.

Timothy K. Ford, Seattle, Wash., Gordon G. Greiner, Donald A. Degnan, Denver, Colo., Julius Chambers, Steve Hawkins, New York City, Robert M. Anderson, Salt Lake City, for Andrews.

PER CURIAM:

William Andrews has filed an application seeking a writ of habeas corpus and an extraordinary writ, contending that the Board of Pardons failed to comply with the Open and Public Meetings Act and violated his constitutional rights in denying his request for a commutation hearing and in declining to hold hearings on the matter. Andrews filed this petition with this court on July 23, 1992. The following day was a legal holiday in Utah. As of the time of this order, the Board of Pardons has not responded to the petition. Just as this opinion was being finalized, an amicus brief was filed by the State, together with a motion for leave to file. We grant the motion and have considered the State's brief.

We treat the petition only as a request for an extraordinary writ. *See* Utah R.App.P. 19. We rule as follows:

We begin with Andrews' argument that the Board of Pardons failed to comply with the Utah Open and Public Meetings Act because it spent more than six weeks reviewing Andrews' petition for a commutation hearing without ever holding an open, public hearing on its fact-finding and decision-making processes. Because of this failure, Andrews contends, this court should void the Board's denial of a commutation hearing. We agree in part.

■ We agree with Andrews that the Utah Open and Public Meetings Act, Utah Code Ann. §§ 52–4–1 to –9, applies to the proceedings of the Board of Pardons because the Board is a "public body" within the meaning of the Act. *See id.* § 52–4–2(2). The State argues that the process by which the Board arrived at the decision not to grant a commutation hearing was not a "meeting" within the meaning of the Act and, therefore, the Act has no application here. We reject the State's argument. The plain language of the definitional section of the Act provides that meetings of the sort conducted by the Board are covered by the Act's provisions. Section 52–4–2 provides that a "meeting" is

the convening of a public body, with a quorum present, ... for the purpose of discussing or acting upon a matter over which the public body has jurisdiction or advisory power.... "Convening" ... means the calling of a meeting of a public body by a person or persons authorized to do so for the express purpose of discussing or acting upon a subject over which that public body has jurisdiction.

Clearly, the meetings of the Board by which it arrived at the decision not to grant a hearing, which, in turn, is a necessary constitutional prerequisite to the grant of commutation, constitutes a "meeting" for the purposes of the Act. The business done there was nothing if not the "discuss[ion] or acting upon a matter over which the [Board] has jurisdiction."

Having found that the Act applies, we cannot determine from the Board's order of July 21, 1992, whether the Board has violated the requirements of the Act. According to that order, the Board proceedings to date consisted not of information gathering, but of deliberations over the petition for a new commutation hearing, deliberations that included a review of the full public commutation hearing held in 1989. If this is the case, these proceedings would

be of a judicial nature and exempt from the provisions of the statute. *See Common Cause of Utah v. Utah Public Serv. Comm'n,* 598 P.2d 1312, 1315 (Utah 1979).

However, the Board's order is less than clear as to the information that was considered in reaching the decision to deny a hearing. Petitioner has filed an affidavit averring that the Board, *inter alia,* has requested from outside sources videotapes of interviews of Andrews and other materials that were not a part of the record in the 1989 commutation hearing. Because of the ambiguity in the order and the conflict created by the affidavit on information and belief, we are unable to determine whether the Open and Public Meetings Act has been violated. We therefore direct the Board to respond to the allegations of petitioner and to inform this court of the materials upon which it relied in deciding not to order a full commutation hearing so that we can dispose of this aspect of the instant petition.

■ We next turn to Andrews' constitutional argument. Andrews contends that a statute passed in 1992 created a new and higher substantive standard for obtaining a commutation hearing, a constitutional prerequisite for the grant of commutation. *See* Utah Const. art. VII, § 12; Utah Code Ann. §§ 77–27–5.5(6) & (7). Andrews contends that this higher standard violates state and federal constitutional prohibitions of *ex post facto* laws. We agree.

For the Board to apply the substantive standards contained in the 1992 statute, section 77–27–5.5(6) and (7) of the Code, in deciding whether to grant Andrews' petition for a commutation hearing would diminish the opportunity for commutation available at the time the crime was committed, in violation of article I, section 18 of the Utah Constitution's ban on *ex post facto* laws. *See* Utah Const. art. I, § 18; *State v. Schreuder,* 726 P.2d 1215, 1218 (Utah 1986); *State v. Coleman,* 540 P.2d 953, 954 (Utah 1975); *cf. Dugger v. Williams,* 593 So.2d 180, 182 (Fla.1991) (decided under the Florida *ex post facto* provision). We think the result would be the same under the federal constitution. *See*

*Akins v. Snow,* 922 F.2d 1558, 1561–65 (11th Cir.), *cert. denied sub nom. Snow v. Akins,* —— U.S. ——, 111 S.Ct. 2915, 115 L.Ed.2d 1079 (1991); *Watson v. Estelle,* 859 F.2d 105, 108–09 (9th Cir.1988), *vacated on other grounds,* 886 F.2d 1093 (9th Cir. 1989); *Rodriguez v. United States Parole Comm'n,* 594 F.2d 170, 174–76 (7th Cir. 1979); *Williams v. Dugger,* 566 So.2d 819, 820–21 (Fla.Ct.App.1990); *see also Miller v. Florida,* 482 U.S. 423, 433–35, 107 S.Ct. 2446, 2452–53, 96 L.Ed.2d 351 (1987). However, our interpretation of the Utah Constitution is not contingent upon the accuracy of our prediction of federal law. *See Michigan v. Long,* 463 U.S. 1032, 1044, 103 S.Ct. 3469, 3478, 77 L.Ed.2d 1201 (1983).

We cannot determine with certainty from the Board's orders of July 21, 1992, that the Board actually decided to deny Andrews' request for a commutation hearing because of the failure to satisfy the requirements of section 77–27–5.5(6) and (7). The language used in one of the orders— "that the Petition and supporting documents fail to raise new and substantial issues"—appears to state the legal standard set by those sections as necessary prerequisites for the grant of a commutation hearing. *See* Utah Code Ann. § 77–27–5.5(6) & (7). Because it appears from the order that the Board was guided by the new statute's restrictions on the availability of a commutation hearing, and because it would be a denial of Andrews' constitutional rights to deny his petition based upon these newly enacted statutory criteria, the Board of Pardons is directed either to make clear that it has not followed the restrictive criteria set forth in section 77–27–5.5(6) and (7) or to reconsider the petition for a commutation hearing under the substantive criteria that existed in 1974. *See Rules and Regulations of Board of Pardons of the State of Utah,* ch. IV, § 4 (adopted Apr. 24, 1952, amended July 23, 1969, amended July 11, 1973).

■ Finally, Andrews has supplemented his petition with a claim that the Board has failed to comply with the requirements of the Government Records Access and

Management Act, Utah Code Ann. §§ 63-2-101 to -909. Specifically, Andrews asked the Board on the 25th of July to provide him with all documents upon which it based its decision to deny him a hearing. He asks this court to direct the Board to comply with the Act. We agree that the Act does apply to the Board by its terms. *Id.* § 63-2-103(9)(a)(i). However, the Board has five business days within which to respond to a request under the Act. *Id.* § 63-2-204(3)(a). Since the time for a response has not yet run, and we have no basis for assuming that the Board will not comply with the Act's provisions, this matter is not yet ripe for adjudication. We therefore decline to order the relief requested by petitioner.

█ Nothing in this order should be construed as requiring that the Board grant Andrews a new commutation hearing. The grant or denial of such a hearing is a matter committed to the sound discretion of the Board of Pardons, so long as that discretion is exercised consistent with the rules of the Board, the statutes of this state, and the Utah and federal constitutions. Utah Const. art. VII, § 12; *see Foote v. Utah Board of Pardons*, 808 P.2d 734, 735–45 (Utah 1991); *Andrews v. Haun*, 779 P.2d 229 (Utah), *cert. denied sub nom. Andrews v. Barnes*, 493 U.S. 945, 110 S.Ct. 354, 107 L.Ed.2d 341 (1989). We hold only that the Board appears to have complied with a statute that, as applied to Andrews, is violative of the Utah Constitution, and, independently, the federal constitution.

We deny the requested stay of execution. It is not clear that the Board cannot comply with the requirements of this opinion within the remaining period. If the Board feels that it needs additional time, it can request a stay.

DURHAM, J., concurs in the disposition of the petition, but dissents from the denial of the stay.

STEWART, J., dissents from the disposition of the petition and files a separate opinion, but concurs in the denial of the stay.

STEWART, Justice (dissenting):

This proceeding seeks review of a Board of Pardons decision refusing to grant William Andrews a second commutation hearing. I do not believe that Andrews is entitled under the law to a second hearing. The Board could have granted Andrews a second hearing, but it found no reason or basis for doing so. In my view, that decision was lawful. Rule R671–312–2 of the Board of Pardons provides, *inter alia*, "There shall be only one Commutation Hearing per petitioner unless new and significant information is found that has not already been submitted to the Board." There is no such information. I think that there is no point in referring to the Board for clarification of a decision that is clear.

## SUPPLEMENTAL OPINION

Yesterday, July 28, 1992, we entered a per curiam opinion addressing petitioner Andrews' request for a writ of habeas corpus, an extraordinary writ, and a stay of execution (hereinafter Opinion of July 28, 1992). We denied the writ of habeas corpus, we granted the extraordinary writ in two respects, and we denied a stay of execution. We ordered the Board of Pardons to provide the court with the following information:

[i] to respond to the allegations of petitioner [that information other than the proceedings of the 1989 commutation hearing were considered in denying the hearing] and to inform this court of the materials upon which it relied in deciding not to order a full commutation hearing.... [; and]

[ii] either to make clear that [in deciding not to grant a commutation hearing] it has not followed the restrictive criteria set forth in section 77–27–5.5(6) and (7) or to reconsider the petition for a commutation hearing under the substantive criteria that existed in 1974.

Opinion of July 28, 1992, 836 P.2d at 793.

The Board has responded to our decision of yesterday with a filing and an amended order, dated July 29, 1992. This afternoon,

the petitioner has filed a response to the Board's filing and amended order.

Addressing the first of our directions to the Board, affidavits of each member of the Board have been filed listing the materials considered in deciding whether to provide Andrews with a new commutation hearing. Those affidavits, as well as the amended order, contradict the allegations of Andrews' counsel made on information and belief in support of the petition for an extraordinary writ. There is no indication that the Board considered materials other than Andrews' petition for a commutation hearing, the State's response to that petition, and videotapes and transcripts of the 1989 plenary commutation hearing. In fact, the amended order states that "the Board wants to make itself absolutely clear that it has not reviewed or even considered any letters, postcards, documents, videotapes, interviews, facsimiles or other information submitted to the Board which is not part of the record of the prior hearing or submitted by the parties in this matter...."

■ We find no basis for concluding that the Board violated the Utah Open and Public Meetings Act. *See* Utah Code Ann. §§ 52–4–1 to –9. While the Act applies to the Board, deliberations over whether to grant a commutation hearing are judicial in nature and are exempt from the requirements of the Act. Opinion of July 28, 1992, at 2–3; *see Common Cause of Utah v. Utah Public Serv. Comm'n,* 598 P.2d 1312, 1315 (Utah 1979). Petitioner complains of the Board's not having considered the public comment received by the Board. However, that fact is not relevant to the issue before us. Nothing in his filing creates a factual question as to whether the Board was acting in an information-gathering mode, rather than in a judicial mode, when it reviewed the materials upon which it based the decision not to hold a hearing. The Act has been satisfied. *See* Opinion of July 28, 1992, 836 P.2d at 792–93.

■ In regard to our second direction to the Board, following entry of our decision of yesterday, the Board met and reconsidered Andrews' request for a second com-

mutation hearing. This time, the Board has applied the constitutionally correct criteria, the criteria that were in effect in 1974, and again decided to deny a hearing. The amended order recites in part as follows:

On August 10th and 11th of 1989, the Board held a full commutation hearing that complied with all the requirements of the 1974 Board's rules and regulations to determine whether Petitioner should be granted a commutation from the death sentence he is currently under. Petitioner was present and represented by counsel. After approximately sixteen hours of receiving testimony and documentary evidence, hearing argument from counsel from both parties, statements from Mr. Andrews, and fully considering the issues presented to the Board, the Board determined by a majority opinion that it would not commute Petitioner's sentence.

On June 12, 1992, a petition for a second commutation hearing was filed by Petitioner. The Board went to great lengths allowing counsel to submit any written memoranda on the issues presented before the Board. The Board then reviewed the petition, all legal memoranda filed by counsel, the full public commutation hearing held in 1989 through written transcripts and videotapes of that hearing.

. . . .

Wherefore, after further deliberation on the issues presented and upon reconsideration of the petition consistent with the 1974 Board rules and regulations, the Board is not persuaded that a second commutation hearing is justified; therefore, the Board makes the following [order:]

The Petitioner's petition for a second commutation hearing is hereby denied.

Based on the Board's submissions and the amended order, we conclude that the Board has obviated the *ex post facto* problem that was created when it applied the restrictive criteria of section 77–27–5.5(6) and (7) in its first consideration of An-

drews' petition for a hearing. *See* Utah Code Ann. § 77–27–5.5(6) & (7).

■ Petitioner contends that the Board's reconsideration of his petition for a hearing, as required by our decision of yesterday, has denied him due process of law. He argues that the 1974 criteria for determining whether to hold a hearing differ from the standards contained in section 77–27–5.5(6) and (7) and in the Board's current rules; that the submissions of petitioner and the State to the Board of Pardons were directed to the current criteria for granting a hearing; and that he has been disadvantaged by not having an opportunity to make new submissions to the Board arguing the 1974 criteria.

We agree that the Board has followed different substantive standards in reconsidering the petition for a hearing, as we directed it to do in our decision of yesterday. However, we cannot conceive of any harm that may have resulted to petitioner because of this change and therefore conclude that he has not been denied due process. The standards that governed the grant of a commutation hearing in 1974 were far more liberal than those under which the Board first considered this most recent petition. Essentially, the Board's discretion to grant a hearing is unfettered under the 1974 standards. *See Rules and Regulations of Board of Pardons of the State of Utah*, ch. IV, § 4 (adopted Apr. 24, 1952, amended July 23, 1969, amended July 11, 1973). Therefore, the change in the substantive standards for granting a hearing required by our decision of yesterday was entirely to the advantage of petitioner. Yet the Board still denied the hearing. On this ground, we reject petitioner's due process challenge to the Board's reconsideration of his petition for a hearing and its denial of a hearing.

■ Petitioner also claims that under the 1974 rules of the Board, the decision whether to hold a commutation hearing must be made only after a public hearing is held. The rule relied upon by petitioner provides no more than that once a decision to hold a commutation hearing is made, that hearing must be open to the public. *Id.*, ch. III, § 2. We do not have before us the question of whether the Board can refuse to grant at least one commutation hearing to one sentenced to death consistent with article VII, section 12 of the Utah Constitution. *See* Utah Const. art. VII, § 12. The only issue before us is whether the Board, consistent with the 1974 rules, can deny a commutation hearing without first holding a public hearing. We conclude that it can.[1]

■ Finally, petitioner contends that the Board's filings indicate that it did not consider the possibility of life without possibility of parole in rejecting his petition for a hearing. Andrews asserts that the Board was required to consider this option by the terms of section 77–27–9(2)(d), a companion to the 1992 enactment that we held yesterday could not be applied to Andrews because of Utah's *ex post facto* ban. *See* Opinion of July 28, 1992, 836 P.2d at 793 (citing Utah Const. art. I, § 18). Section 77–27–9(2)(d) provides that "[o]n or after April 27, 1992, the board may commute a sentence of death only to a sentence of life in prison without parole." Utah Code Ann. § 77–27–9(2)(d). We agree that the Board does not appear to have considered this option, although we cannot determine that for a fact. However, we do not think that this failure invalidates its decision not to hold a hearing.

Section 77–27–9(2)(e) provides, "The restrictions imposed in Subsections 77–27–9(2)(c) and (d) apply to all cases that come before the board of pardons on or after April 27, 1992." *Id.* § 77–27–9(2)(e). We read this to mean that if the Board holds a hearing on a case—i.e., the case "comes

---

**1.** Petitioner's argument on this point is far from clear. It may be that petitioner is contending that the 1974 rules require a hearing before commutation is denied; that the decision not to hold a commutation hearing is a denial of commutation; and therefore, that a public hearing must be held before the decision is made not to hold a commutation hearing. We reject such a reading of the rule. The rule relied upon by petitioner plainly applies only to a commutation hearing, not to the decision to hold a hearing.

before the board"—after April 27th, then the Board may commute a death sentence only to life without parole. Here, the Board has found no justification for a second commutation hearing. We hold that there is nothing in the statute that requires the Board to consider the possible ultimate remedy it might order if it granted commutation when it made the entirely separate decision of whether to hold a second hearing.

Based upon the Board's submissions and the amended order, we conclude that the petition for extraordinary relief is without merit. The petition is denied.

STEWART, J., adheres to the views expressed in his dissenting opinion of July 28, 1992.