Dear Representative Jetson:
Your request of September 7, 1993, for an opinion from this office was forwarded to me for research and reply. You asked whether the Pardon Board has the authority to adopt a rule requiring an inmate to wait two years after being denied a pardon before that inmate can re-apply for a pardon.
Article IV, § 5(E) of the Louisiana Constitution states, in part, that "[t]he governor may grant reprieves to persons convicted of offenses against the state and, upon recommendation of the Board of Pardons, may commute sentences, [and] pardon those convicted of offenses against the state."
The authority of the Board of Pardons is set out in La. R.S.15:572 et. seq. Specifically, La. R.S. 15:572.3(1) and (3) state as follows:
 In addition to the other powers, duties and functions set forth in this part, the board may:
 (1) Adopt rules and regulations necessary to carry out the provisions of this part and its duties and functions in connection therewith. . . .
 (3) Do such other things as are necessary to carry out its powers, duties, and functions.
Additionally, La. R.S. 15:574 states, in pertinent part, that "[t]he Board of Pardons may adopt for its governance such rules as they may deem proper, not contrary to law." Plainly, the statutory language grants the Pardon Board unfettered authority to draft rules concerning pardons.
Because the Board of Pardons clearly has authority to adopt rules regulating applications for pardon, the question becomes whether the rule in question interferes with the rights of individuals seeking pardon. In Connecticut Board of Pardons v. Dumschat, 452 U.S. 458, 101 S.Ct. 2460 (1981), the United States Supreme Court interpreted a similar Connecticut statute concerning pardons. The Court held that "[t]he Connecticut statute, having no definitions, no criteria, and no mandated `shalls' creates no analogous duty or constitutional entitlement [to a pardon]." Id. at 466, 101 S.Ct. at 2465. Similarly, the First Louisiana Circuit Court of Appeal has stated in dicta that "Louisiana has not provided an applicant with a constitutionally protected right to a pardon, merely the possibility of one." Von Scheppf v. Louisiana Board of Pardons, 536 So.2d 528
(La.App. 1 Cir. 1988). Likewise, Louisiana statutes do not grant inmates a right to make unlimited pardon applications.
Since neither the Louisiana Constitution nor the legislature grants an unlimited right to apply for pardon or limits the authority of the Pardon Board to adopt rules, it is the opinion of this office that the Board of Pardons may lawfully adopt a two year waiting period between pardon applications.
I hope this opinion has sufficiently answered your question. If this office may be of any further assistance, please do not hesitate to contact us.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: M. PATRICIA JONES Assistant Attorney General
RPI/MPJ:ckj