(44 South. 481.)

No. 16,767.

STATE v. MEHOJOVICH.

In re MEHOJOVICH.

(Aug. 7, 1907.)

PARDON—BOARDS OF PARDON—HEARING.

The ruling of the board of pardons on an application for a rehearing is not subject to revision by the judiciary. The board acted properly on the statement of facts contained in the application, and it was not its mandatory duty to fix the case for trial and hear witnesses.

(Syllabus by the Court.)

Application by Lazar Mehojovich for writ of mandamus to the board of pardon. Denied.

John William Cary, for relator.

LAND, J. Relator was convicted of rape and sentenced to death. On appeal this sentence was affirmed by the Supreme Court. 118 La. 1013, 43 South. 660. Relator then applied to the board of pardons for relief, but his application was denied, and in due course the Governor of the state issued his warrant for the execution of relator on August 9, 1907. Whereupon the relator applied to the board of pardons for a rehearing of his application for pardon or commutation of sentence on the ground of newly discovered evidence.

It appears from relator's petition herein that the board of pardons met, and, after considering the application for a rehearing, denied the same. The said petition shows that the board interrogated counsel for relator as to the nature of the newly discovered evidence, and that counsel admitted that he could not prove that relator did not have sexual connection with the girl in question as charged, or that any other man had carnal knowledge of her on about the time of the alleged rape. If the evidence submitted to the board is the same now submitted to the court, it simply tends to show in general and vague terms that shortly before the date of the alleged rape the girl in question while skating on the sidewalk slipped and fell, thereby injuring her private parts. It is not explained how such a fall could cause the venereal disease with which the prosecutrix was inoculated.

The contention of the relator that it was the mandatory duty of the board of pardons

to fix a day for the hearing of his witnesses is without merit, as it was relator's duty to set forth his case in his application for a rehearing. The board, having before it a statement of what the relator expected to prove on a rehearing, had the necessary data to pass on the question submitted for its determination. The ruling of the board was an exercise of quasi judicial discretion, not subject to appeal to or revision by this court. The board has heard and determined the case, and this court is without right or power to interfere in the premises.

It is therefore ordered that relator's application for a mandamus be denied and dismissed.