378 So.2d 180 (1979)
Charles S. BRYANT, III
v.
LOUISIANA STATE PARDON BOARD.
No. 12828.
Court of Appeal of Louisiana, First Circuit.
November 12, 1979.
Charles S. Bryant, III, DeQuincy, in pro. per.
Marvin H. Bruce, Baton Rouge, for defendant-appellee Louisiana State Pardon Bd.
Before ELLIS, CHIASSON and PONDER, JJ.
PONDER, Judge.
Plaintiff appealed from the sustaining of a peremptory exception of no cause of action to his petition for judicial review of the denial of a pardon. He also sought $250,000.00 punitive and compensatory damages.
He asserts that the notice of denial was too broad and vague to constitute meaningful notice; that the use of standardized reasons for denial violated due process; that the Board abused its discretion and violated his civil rights; and that the procedure violated the provisions of Article I, Sections 2, 12 and 24 of the Louisiana Constitution and Amendments 5, 9 and 14 of the United States Constitution.
The issues are whether the peremptory exception of no cause of action was properly granted and whether plaintiff was entitled to be present at the hearing of the exception.
We affirm.
*181 A pardon is a matter of grace from the state and a function of the executive branch of government, not subject to limitation or control from the other branches. Art. 4, § 5(E) of the Louisiana Constitution; State v. Mehojovich, 119 La. 791, 44 So. 481 (1907). The requirement of the advice of the pardon board was substituted for that of the senate in the Constitution of 1879.
Appellant has not cited any controlling authority granting judicial review and our independent research has revealed none.
The Pardon Board is not liable in damages under these circumstances. State v. Mehojovich, supra; Cruz v. Skelton, 502 F.2d 1101 (5th Cir. 1974).
Appellant complains that he was not ordered produced in court for the hearing on the exception. We know of no requirement of due process or otherwise that appellant be produced in court for the hearing on the exception, a matter of law. The exception was submitted to the court on memorandum without appearance of counsel for the defendant.
The claims of violations of constitutional rights are without substance.
For these reasons the judgment is affirmed at appellant's costs.
AFFIRMED.