COVINGTON, Judge.
The plaintiff, C. Wayne Norwood, brought this suit against J. Edward Layris-son, Sheriff and Ex Officio Tax Collector of Tangipahoa Parish, in his capacity as the sole voting member of the Law Enforcement District of the Parish of Tangipahoa and of the Sheriffs Department for the Parish of Tangipahoa, seeking damages for the alleged unconstitutional increase in plaintiff’s ad valorem taxes from $75.34 for 1981 to $85.12 for 1982. The defendant, Sheriff Layrisson, filed several pretrial exceptions, including a Peremptory Exception of Peremption and a Motion for Attorney’s Fees. The trial court dismissed plaintiff’s suit on the grounds of peremption, and awarded defendant $1250.00 in attorney fees on the grounds the suit was frivolous. After a thorough review of the facts and applicable law, we affirm the action of the trial court.
The facts surrounding this controversy are not in serious dispute. Sheriff Layrisson serves as the sole voting member of the Law Enforcement District and the Sheriff’s Department for Tangipahoa Parish and as such has the authority to raise or lower certain ad valorem tax millage for the Parish in order to provide funds for operating the Sheriff’s office. On September 9, 1982, Sheriff Layrisson conducted a public hearing, called pursuant to a notice attached to the courthouse door the previous day. The testimony showed that the notice was posted more than 24 hours prior to the scheduled hearing. When Sheriff Layrisson opened the meeting, only his executive assistant and a local newspaper reporter were present. After a discussion of the budgetary needs of the Sheriff’s office, a coffee break was taken and the reporter left. Thereafter, the meeting was reconvened with Sheriff Lay-risson and his executive assistant. The minutes reflect that the reconvened meeting began after the coffee break and that a resolution setting the 1982 millage was adopted at that meeting.
On February 25, 1983, plaintiff brought this suit alleging a violation of LSA-R.S. 42:4.1 et seq., the Open Meeting Law. LSA-R.S. 42:9 provides:
Any action taken in violation of R.S. 42:4.1 through R.S. 42:8 shall be voidable by a court of competent jurisdiction. A suit to void any action must be commenced within sixty days of the action.
The action this statute refers to is the resolution of September 9, 1982, the ad valorem millage. This time limitation has been held to be peremptive period so that plaintiff’s failure to file his suit within the sixty days allowed by the statute bars the action forever. Kennedy v. Powell, 401 So.2d 453 (La.App. 2nd Cir.1981), writ denied 406 So.2d 607 (La.1981). It is clear from the facts of the present case that plaintiff’s suit was untimely, and hence the trial court correctly maintained defendant’s exception of peremption.
*1340 The trial judge awarded the defendant $1250.00 attorney fees on the grounds that this is a frivolous suit under LSA-R.S. 42:11(C). Since we find that there was no evidence of non-compliance with the statute and the suit was brought without substantial justification, the trial court correctly awarded attorney fees, which we find are reasonable.
For the reasons assigned, the decision of the trial court is affirmed at appellant’s costs.
AFFIRMED.