11 CARAWAY, Judge Pro Tempore.
Plaintiffs appeal from a judgment which sustained the exceptions of peremption and prescription and failure to join an indispensable party and dismissed their lawsuit. For the following reasons, we affirm.

Facts

By this lawsuit, Tracey Hoffpauir and Vicki Hoffpauir, the daughter and wife of a murder victim, and Victims and Citizens Against Crime (collectively, the “Plaintiffs”) have challenged the process by which Paul Chandler was granted clemency and paroled from the custody of the Department of Corrections. On July 19, 1975, Chandler killed two persons in Haughton, Louisiana, one of which was Terrell Hoffpauir. Chandler pled guilty to two counts of second degree murder, and the court sentenced him to serve two concurrent life-without-parole terms of imprisonment.
According to a December 18, 1997 report from the Office of the State Inspector General (“IG Report”)[1], Chandler applied for clemency in 1995. On October 3, 1995, the Louisiana State Board of Prison Pardons (the “Pardon Board”) held a hearing at which it considered Chandler’s application, among others. The five members of the Pardon Board at that time were Cynthia Fayard, Lynise Kennedy, Nettie Milli-can, John Grasso and Larry Clark. After hearing testimony for and against recommending clemency, the Pardon Board adjourned to private executive session to deliberate and returned into public session to conduct its vote. The Pardon Board voted, three to two, to deny clemency to Chandler. The Hoffpauirs and at least one other witness remained until the adjournment of the hearing before leaving.
On December 13, 1995, the Pardon Board sent the Hoffpauir family a letter stating that it had granted Chandler’s application for a clemency recommendation |¡;to the Governor. According to the IG report, the Pardon Board vote sheet reflects that Clark, one of the board members, had initially voted to deny the application but that this denial was “whited out” and changed to a vote to grant the application. The minutes for the hearing likewise show a change from a vote to deny to a vote to grant. The initials of the board member denoting the changed vote on the minute sheet are scratched out and unreadable.
Also on December 13, 1995, the Pardon Board forwarded its recommendation for clemency to Governor Edwards. According to the IG report, Governor Edwards’ executive counsel,' Connie Koury, notified the Pardon Board by letter dated December 20, 1995 that the governor had reviewed the recommendation and had decided not to grant clemency to Chandler. However, on December 29, 1995, Governor Edwards signed an order granting clemency to Chandler, commuting his sentence to a term of 75 years with parole eligibility after serving one-third of the sentence. The IG report notes that, when contacted, Governor Edwards stated that he could not recall the specific case. Ms. Koury stated that the initial denial may have been in error as Chandler’s case was in the same category as others for which clemency was approved.
On February 5, 1999, Plaintiffs filed a lawsuit in the 19th Judicial District Court alleging the above facts and seeking a declaratory judgment that the change in the Pardon Board’s vote was illegal and, consequently, that Governor Edwards’ commutation of Chandler’s sentence was null and void. Plaintiffs also sought writs of mandamus directing the Department of Corrections to require Chandler to serve out his life sentences and further directing the state to dishonor the 1995 clemency order. Plaintiffs further sought orders restraining the state from releasing Chandler until the matter could be heard, as *1221 well as damages for travel costs, attorney’s fees, deprivation of rights and mental and emotional pain and suffering.
|p,The State of Louisiana responded to the lawsuit with an array of exceptions including an exception of prescription and/or peremption. The trial court considered these exceptions and granted the exception of prescriptiori/peremption. The trial court further supplied an exception of the failure to join an indispensable party, although the court did not in its reasons or its judgment specify what party should have been joined. On February 17, 1999, the trial court signed a judgment dismissing the Plaintiffs’ lawsuit, and Plaintiffs now appeal from that judgment.
In their brief, Plaintiffs state that Chandler was released on parole on February 13,1999.

Discussion

La. Const, art. 4, § 5(E)(1) provides in part:[2]
The governor may grant reprieves to persons convicted of offenses against the state and, upon recommendation of the Board of Pardons, may commute sentences, pardon those convicted of offenses against the state, and remit fines and forfeitures imposed for such offenses ...
See also La. R.S. 15:572(A). In the context of the imposition of an original criminal sentence, courts have recognized that the power to commute is exclusive to the executive branch of government. La. Const, art. 2 § 2; see, e.g. State v. Price, 93-0625, 93-0626 (La.App. 1st Cir.3/11/94), 636 So.2d 933, writs denied 94-0742 (La.6/17/94), 638 So.2d 1091, 94-1566 (La.10/14/94), 643 So.2d 159; State v. Cortina, 632 So.2d 335 (La.App. 1st Cir.1993).
We are also aware of La. R.S. 15:572.6, which provides:
No person shall have a right of appeal from a decision of the board of pardons or the governor regarding clemency.
See also State v. Mehojovich, 44 So. 481, 119 La. 791 (1907) and Bryant v. Louisiana State Pardon Board, 378 So.2d 180 (La.App. 1st Cir.1979). Nevertheless, we do not consider Plaintiffs’ action to be an appeal from the ^decisions of the Pardon Board or the governor. Plaintiffs do not attack the substance of the decision to commute Chandler’s sentence; rather, they urge that the Pardon Board did not follow a legal procedure under the Open Meetings Law in issuing its recommendation. In other words, they argue that there is no valid recommendation upon which Governor Edwards could base his grant of clemency.

Open Meetings Law

La. R.S. 42:5 provides:
A. Every meeting of any public body shall be open to the public unless closed pursuant to R.S. 42:6, R.S. 42:6.1, or R.S. 42:6.2.
B. Each public body shall be prohibited from utilizing any manner of proxy voting procedure, secret balloting, or any other means to circumvent the intent of R.S. 42:4.1 through R.S. 42:8.
C. All votes made by members of a public body shall be viva voce and shall be recorded in the minutes, journal, or other official, written proceedings of the body, which shall be a public document.
See also La. R.S. 15:572.6. Because it is a state board possessing advisory functions, the Pardon Board is a public body as defined by La. R.S. 42:4.2(A)(2) and its meeting was therefore required to comport with La. R.S. 42:5. As alleged in the petition and indicated by the IG report, the Pardon Board violated the open meetings law in its vote recommending clemency for Chandler.
Actions by public bodies in violation of the open meetings law are relatively null and voidable if challenged within the period set forth in the law. Twin *1222 Parish Port Commission v. Berry Bros., Inc., 94-2594 (La.2/20/95), 650 So.2d 748.
La. R.S. 42:9 provides:
Any action taken in violation of R.S. 42:4.1 through R.S. 42:8 shall be voidable by a court of competent jurisdiction. A suit to void any action must be commenced within sixty days of the action.
The sixty day time limit for commencement of a suit to void an illegal action is peremptive, not prescriptive. Norwood v. Layrisson, 451 So.2d 1338 (La.App. 1st Cir.1984); Kennedy v. Powell, 401 So.2d 453 (La.App. 2d Cir.1981), writ denied 406 So.2d 607 (La.1981). Peremption may not be renounced, interrupted or suspended. La. C.C. art. 3461. In Hebert v. Doctors Memorial Hospital, 486 So.2d 717, 723 (La.1986), the court stated:
Peremption differs from prescription in several respects. Although prescription prevents the enforcement of a right by legal action, it does not terminate the natural obligation (La. Civ.Code art. 1762(1)); peremption, however, extinguishes or destroys the right (La. Civ. Code art. 3458). Public policy requires that rights to which peremptive periods attach are to be extinguished after passage of a specified period. Accordingly, nothing may interfere with the running of a peremptive period. It may not be interrupted or suspended; nor is there provision for its renunciation. And exceptions such as contra non valentem are not applicable.
(Emphasis added.)
' Plaintiffs failed to bring their suit to void the action of the Pardon Board within sixty days of its occurrence. The action by which Clark’s vote was changed occurred no later than December 13, 1995. Accordingly, Plaintiffs’ suit based upon La. R.S. 42:5(B) is perempted and extinguished.

Availability of Other Remedies

Plaintiffs further argue that their petition sets forth five separate causes of action for “Nullity, Damages, Writ of Mandamus, Declaratory Judgment, Preliminary and Permanent Injunction.” The trial court’s recognition of peremption under La. R.S. 42:9 can, according to Plaintiffs, only bar their nullity claim.
La. R.S. 42:11 provides, in part:
A. In any enforcement proceeding the plaintiff may seek and the court may grant any or all of the following forms of relief:
(1) A writ of mandamus.
(2) Injunctive relief.
(3) Declaratory judgment.
(4) Judgment rendering the action void as provided in R.S. 42:9.
| fi(5) Judgment awarding civil penalties as provided in R.S. 42:13.
Although this Section 11 of the open meetings law provides various remedies for an open meetings violation, the cause of action may rest upon a single occurrence. In this case, the alleged occurrence or violation was board member Clark’s improper voting procedure. Plaintiffs’ attempt to characterize their cause of action based upon the availability of different remedies does not change our conclusion that their single cause of action is now barred by peremption.

Conclusion

For the foregoing reasons, the judgment of the trial court dismissing the Plaintiffs’ action is affirmed. Costs of this appeal are assessed to Plaintiffs.
AFFIRMED.

. This document, which was filed with the plaintiffs’ original petition, is available on the Internet at http://www.state.la.us/ oig/1980031.pdf

. The 1999 amendment did not affect this excerpt from the provision.