STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 1205

ANGELA STEWART

VERSUS

STATE OF LOUISIANA, DEPARTMENT OF PUBLIC SAFETY AND
CORRECTIONAL ET AL., LOUISIANA PROBATION AND PAROLE,
LOUISIANA STATE BOARD OF PARDONS, ALAN ROCHE, KEITH
JONES, KENNETH LOFTON, JIM WISE, BRENNAN KELSEY

*Judgment Rendered:* **MAY 1 1 2020**

* * * * * * * *

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. C682602

The Honorable Richard M. "Chip" Moore, Judge Presiding

* * * * * * * *

| | |
|---|---|
| Angela Stewart | Counsel for Appellant |
| St. Gabriel, Louisiana | Pro Se |
| | |
| Jonathan R. Vinning | Counsel for Appellee |
| Baton Rouge, Louisiana | Louisiana Department of Public Safety |
| | and Corrections |

* * * * * * * *

BEFORE: McDONALD, THERIOT, AND CHUTZ, JJ.

**THERIOT, J.**

Angela Stewart appeals the judgment of the Nineteenth Judicial District Court dismissing her application for writ of mandamus with prejudice for failing to state a claim upon which relief may be granted. For the following reasons, we reverse and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

On April 23, 2019, Angela Stewart filed an application for writ of mandamus in the Nineteenth Judicial District Court.[1] According to her application, Stewart was convicted of second degree murder and began serving a life sentence in September 1994. Stewart asserted that she requested clemency before the Louisiana Board of Pardons and Committee on Parole ("the Board")[2] and was granted a hearing on February 25, 2019. On March 25, 2019, Stewart's request for commutation was denied.[3]

Accordingly, in her application for writ of mandamus, Stewart sought to have the decision of the Board declared null pursuant to La. R.S. 42:24 as a violation of Louisiana's Open Meetings Laws. As succinctly stated in the Commissioner's Report,[4] Stewart's writ of mandamus asserted the following arguments:

---

[1] Although Stewart's application for writ of mandamus was stamped by the deputy clerk of court of East Baton Rouge Parish with the date May 2, 2019, the certificate of service provides that the application was served on April 23, 2019. Pursuant to the "mailbox rule," a pro se prisoner's petition for judicial review is deemed filed at the time it was delivered to the prison authorities for forwarding to the trial court. *Bourque v. Louisiana Department of Public Safety and Corrections*, 2016-1342 (La. App. 1 Cir. 4/12/17); 218 So.3d 1041, 1043. Because these are the only two dates on the application, we consider the application to have been filed on April 23, 2019.

[2] See La. Const. Art. IV, § 5(E)(2) (setting forth the requirements of the Board of Pardons); La. R.S. 15:574.2(A), (D), and (E) (creating the Committee on Parole; setting forth the duties of the Board of Pardons; and abolishing the Board of Parole); and La. R.S. 36:409(C)(4) and (5) (transferring and mandating that the Board and the Committee on Parole are within the Department of Public Safety and Corrections).

[3] Stewart's denial letter stated that her request had been denied due to insufficient self-improvement, judicial/law enforcement opposition, and past criminal record. The letter further provided that she could reapply five years after the denial, and every five years thereafter.

[4] The office of the Commissioner of the Nineteenth Judicial District Court was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. The Commissioner's written findings and recommendations are submitted to a district court judge, who may accept, reject, or modify them. *Hakim-El-Mumit v. Stalder*, 2003-2549 (La. App. 1 Cir. 10/29/04); 897 So.2d 112, 113 n. 1.

2

(1) the Board erred in relying on a disciplinary decision that was imposed 5 years prior to her hearing and argued the Board was not made privy to the contents of the report – only the resulting violation; (2) the Board erred by relying on her past criminal history and that the information that was provided was incorrect; (3) the Board did not have access to all documents showing the Petitioner's participation in self-improvement and educational classes due to the flooding experienced at Louisiana Correctional Institute for Women (LCIW) in 2016 which resulted in the loss of these documents; (4) that information was provided to the Board outside of the hearing process by judicial and/or law enforcement and that said information was not provided to the Petitioner; (5) the Board denied entrance to the hearing to a person speaking on behalf of the Petitioner as the person did not arrive at the institution by 7:00 [a.m.] due to a delayed flight; (6) the Board violated Robert's Rules of Order;[5] (7) the Board failed to take notice of newly discovered evidence provided by the victim's mother; (8) the rooms in which the hearings are held are of insufficient capacity for the public and supporters to attend; (9) error occurred when the website notifications of board decisions was not updated timely and that she did not receive notice of her denial of clemency until one month after the hearing. [Footnote added.]

On June 24, 2019, the Commissioner of the trial court recommended that Stewart's suit be dismissed with prejudice for failure to state a claim upon which relief may be granted. The Commissioner's Report stated in pertinent part:

> Upon reviewing the statutes addressing clemency and parole considerations, it is clear that there is no right to appeal in any jurisdiction in this state the clemency decisions made by the Board of Pardons. The Petitioner points to numerous alleged deficiencies in the hearing process but cites no law or authority which allows this Court, in its appellate capacity, to review any decision of the Board of Pardons. This pleading is clearly a request for judicial review of the board's decision despite the Petitioner's attempt to seek relief in the form of mandamus.
>
> A mandamus is extraordinary relief, available only under limited circumstances. The Petitioner provides no evidence establishing this Court's . . . authority to review the hearing process or decisions of the Board of Pardons relative to clemency requests nor has the Petitioner shown that mandamus relief is available. Thus, this Court is without jurisdiction to consider the merits of the Petitioner's claims. I suggest that the Petitioner's application for writ of mandamus be dismissed with prejudice at the Petitioner's cost as the Petitioner has failed to state a claim upon which relief may be granted.

---

[5] Regarding Robert's Rules of Order, Stewart contended that "Lofton" was unable to pronounce the names of the people present at the hearing, and therefore Stewart did not know of all of the people present that were willing to speak on her behalf. Stewart further asserted that the room in which the hearing was held was of insufficient capacity for speakers and supporters of persons coming before the Board. Stewart alleged that the small room size prohibits speakers and supporters from being in the room when the hearing is taking place.

On July 22, 2019, the trial court signed a judgment dismissing Stewart's application for writ of mandamus with prejudice and at the Petitioner's costs for failing to state a claim upon which relief may be granted. The trial court adopted the Commissioner's Report as reasons. This appeal followed.

## ASSIGNMENT OF ERROR

Stewart asserts the following as error:

(1) The lower court erred in the determination to deny relief as failure to state a claim upon which writ should be granted.

## STANDARD OF REVIEW

On appellate review of a trial court's judgment in a suit for judicial review under La. R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the trial court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. As such, the *de novo* standard of review shall be applied. *Greenhouse v. Louisiana Department of Public Safety and Corrections*, 2017-0316 (La. App. 1 Cir. 11/1/17); 2017 WL 4946864, at *2 (unreported), *writ denied*, 2017-2122 (La. 1/8/19); 259 So.3d 1021.

## DISCUSSION

Stewart asserts that the trial court erred in dismissing her application for writ of mandamus with prejudice for failure to state a claim upon which relief may be granted. We first note that Stewart's pleading appears to be incorrectly labeled as a writ of mandamus. The substance of the pleading indicates that the pleading is a petition for judicial review. The Commissioner of the trial court concluded the same, finding the pleading to be "a request for judicial review of the board's decision despite [Stewart's] attempt to seek relief in the form of mandamus." A pleading is construed for what it really is, not for what it is erroneously called. *Duret v. Louisiana Department of Public Safety and Corrections*, 2016-1214 (La.

4

App. 1 Cir. 4/12/17); 2017 WL 1376567, at *1 n.1, citing *Buras v. Parish of Tangipahoa*, 2008-2429 (La. App. 1 Cir. 9/23/09); 28 So.3d 1066, 1070. Thus, we will treat Stewart's pleading as a petition for judicial review. Proceedings for review may be instituted by filing a petition for review in the trial court within thirty days after receipt of the notice of the final decision by the agency. La. R.S. 15:1177(A)(1)(a). Stewart was informed of the Board's final decision in a letter dated March 25, 2019. Because Stewart filed her pleading on April 23, 2019, Stewart timely instituted proceedings for review.

In her Report, the Commissioner found that there is no right to appeal the Board's clemency decisions. The Commissioner's Report indicated that Stewart had pointed out numerous alleged deficiencies in the hearing process, but that Stewart had cited no authority which would allow the trial court, in its appellate capacity, to review the Board's decision. The Commissioner's findings were based on La. R.S. 15:572.6, which provides that "[n]o person shall have a right of appeal from a decision of the board of pardons or the governor regarding clemency."

We look to *Hoffpauir v. State, Department of Public Safety and Corrections*, 1999-1089 (La. App. 1 Cir. 6/23/00); 762 So.2d 1219, *writ denied*, 2000-2230 (La. 10/27/00); 772 So.2d 652, for guidance. In *Hoffpauir*, the family of a murder victim challenged the process by which their relative's killer was granted clemency and paroled from the custody of the Department of Corrections. *Hoffpauir*, 762 So.2d at 1220. The Hoffpauirs alleged that the Board did not follow a legal procedure under the Open Meetings Law in issuing a recommendation that the inmate at issue be granted clemency. This court acknowledged La. R.S. 15:572.6, but further stated:

> Nevertheless, we do not consider Plaintiffs' action to be an appeal from the decisions of the Pardon Board or the governor. Plaintiffs do not attack the substance of the decision to commute [the convicted felon's] sentence; rather, they urge that the Pardon Board did not follow a legal procedure under the Open Meetings Law in issuing its

recommendation. In other words, they argue that there is no valid recommendation upon which [the governor] could base his grant of clemency.

Although this court ultimately determined that the Hoffpauirs' Open Meetings Law arguments were perempted, it still found that the Hoffpauirs had the right to appeal. *Id.* at 1221-22.

This reasoning applies to the case before us as well. Stewart asserted several different arguments in her application for writ of mandamus. The arguments pertaining to whether the Board followed legal procedure under the Open Meetings Law are reviewable. See La. R.S. 42:14(A). Any arguments attacking the substance of the Board's decision are not reviewable.

Although some of Stewart's arguments attack the substance of the Board's decision, some do not. The allegations of Stewart's petition which appear to ostensibly implicate the Open Meetings Law are as follows: (1) information had been provided to the Board outside of the hearing process by judicial and/or law enforcement; (2) the Board denied entrance to the hearing to a person speaking on Stewart's behalf because the person did not arrive at the institution by 7:00 a.m. due to a delayed flight; (3) the Board violated Robert's Rules of Order when "Lofton" was unable to pronounce the names of the people present at the hearing, and therefore Stewart did not know of all of the people present who were willing to speak on her behalf; (4) the rooms in which the hearings are held are of insufficient capacity for the public and supporters to attend; and (5) website notifications of the Board's decision were not updated timely and Stewart did not receive notification of the Board's decision until a month after the hearing. Accordingly, these arguments are reviewable pursuant to *Hoffpauir*, 762 So.2d 1219.

We must also determine whether Stewart's Open Meetings Law claims are perempted. Louisiana Revised Statutes 42:24 provides that "[a]ny action taken in violation of [the Open Meetings Law] Chapter shall be voidable by a court of

6

competent jurisdiction. A suit to void any action must be commenced within sixty days of the action." The sixty-day time limit for commencement of a suit to void an illegal action is peremptive, not prescriptive. *Hoffpauir*, 762 So.2d at 1222; see also *Norwood v. Layrisson*, 451 So.2d 1338, 1339 (La. App. 1 Cir. 1984); *Kennedy v. Powell*, 401 So.2d 453, 457 (La. App. 2 Cir. 1981), *writ denied*, 406 So.2d 607 (La. 1981). Peremption may not be renounced, interrupted, or suspended. La. Civ. Code art. 3461. Each of Stewart's procedural arguments relates to actions that took place on or after February 25, 2019, when the hearing occurred. Stewart's suit to void those actions was filed on April 23, 2019. Accordingly, Stewart's suit was filed within sixty days of the action it seeks to void and is not perempted.

The trial court's judgment dismissing Stewart's application for writ of mandamus with prejudice is reversed. We remand this case so that Stewart's procedurally-based arguments, which are indicated above, may be addressed by the office of the Commissioner and the trial court.

## DECREE

For the above and foregoing reasons, the judgment of the Nineteenth Judicial District Court dismissing Angela Stewart's application for writ of mandamus with prejudice for failing to state a claim upon which relief may be granted is reversed. This matter is remanded to the trial court with instructions to consider the aforementioned arguments asserted in Angela Stewart's application for writ of mandamus. Costs in the amount of $721.00 are assessed to the Louisiana Department of Public Safety and Corrections.

## REVERSED AND REMANDED WITH INSTRUCTIONS.