NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2020 CA 0892

JOE NATHAN TUBBS

VERSUS

LOUISIANA BOARD OF PARDONS

Judgment Rendered:   FEB 2 2 2021

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge, Louisiana
Docket Number C693382

Honorable Trudy M. White, Judge Presiding

*************

| | |
|---|---|
| Joe Nathan Tubbs<br>Homer, LA | Plaintiff/Appellant, *pro se* |
| Jonathan Vining<br>Baton Rouge, LA | Counsel for Defendant/Appellee,<br>Louisiana Department of Public<br>Safety and Corrections |

BEFORE:  WHIPPLE, C.J., WELCH, AND CHUTZ, JJ.

**WHIPPLE, C.J.**

Joe Nathan Tubbs appeals the district court's judgment dismissing, without prejudice, his petition for judicial review for failure to state a cause of action reviewable by the court. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On January 29, 2020, Tubbs filed a Petition for Judicial Review, seeking a writ of mandamus and a declaratory judgment. According to the petition, Tubbs, an inmate in the custody of the Louisiana Department of Public Safety and Corrections housed at David Wade Correctional Center, appeared before the Louisiana Board of Pardons on November 18, 2019, seeking commutation of his sentence of life imprisonment.[1] Tubbs further alleged in his petition that four Board members were present at the hearing and that his request for commutation was denied by a "split decision" with two members voting to grant commutation and two voting against commutation. Thereafter, by letter dated December 11, 2019, Tubbs was notified that his request for commutation was denied.

Tubbs alleged in the petition that in conducting its meetings, the Board of Pardons is required to comport with the Open Meetings Law, LSA-R.S. 42:11, et seq. Tubbs further noted in the petition that four members of the Board shall constitute a quorum for the transaction of business, and all actions of the Board shall require a favorable vote of at least four of its members. LSA-R.S. 15:572.1(E). Tubbs contended in the petition that LSA-R.S. 15:572.1 "fails to

---

[1] Pursuant to LSA-Const. art. IV, § 5(E)(1), "upon favorable recommendation of the Board of Pardons, [the governor] may commute sentences, pardon those convicted of offenses against the state, and remit fines and forfeitures imposed for such offenses." (Footnote omitted). See also LSA-R.S. 15:572(A). The Board of Pardons shall consist of five members who are appointed by the Governor to serve terms concurrent with the governor making the appointments, or until their successors are appointed and take office. LSA-Const. art. IV, § 5(E)(2); LSA-R.S. 15:572.1(A). The Board is an agency within the Department of Public Safety and Corrections. LSA-R.S. 36:409(C)(5).

2

specifically[] state what the voting requirements are when the quorum of four member[s] returns a split vote two for the vote of commutation and two against."[2] Thus, because the decision on his request for commutation was denied by a "split decision," Tubbs contended that the voting did not comport with the provisions of LSA-R.S. 15:572.1.

Based on these allegations, Tubbs sought judgment declaring the action of the Board null and void for failing to comport with the provisions of LSA-R.S. 15:572.1 and further sought relief in the form of a writ of mandamus (although he did not set forth the specific mandamus relief sought). In addition to challenging the Board's action of denying his request for commutation by a "split decision" being in violation of the Open Meetings Law, LSA-R.S. 42:11, et seq., Tubbs further sought a declaratory judgment declaring the Board's action void pursuant to LSA-R.S. 42:24.[3]

On June 12, 2020, the Commissioner issued a Report, recommending that the district court dismiss, without prejudice, Tubbs's request for judicial review for failing to state a cause of action reviewable by the district court. By judgment dated June 25, 2020, the district court, in accordance with the Commissioner's Report, dismissed Tubbs's petition without prejudice. From this judgment, Tubbs appeals.

## DISCUSSION

On appeal, Tubbs contends that the district court erred in dismissing his petition for failure to state a cause of action where his request for judicial review

---

[2]Tubbs also suggested that the Board of Pardons rely on Roberts Rules of Order Revised, 75th Anniversary Edition, Article VIII, section 46, which he alleged provides that when a quorum is present, a majority of the votes cast is sufficient for the adoption of any motion. However, Tubbs did not allege in his petition that even a simple majority of the members of the Board of Pardons voted favorably for commutation.

[3]Louisiana Revised Statute 42:24 provides that any action taken in violation of the Open Meetings Law shall be voidable by a court of competent jurisdiction where suit is commenced within sixty days of the action.

did not question the **substance** of the Board of Pardons's decision to deny commutation, but, rather, the Board's failure to follow procedures mandated by the Open Meetings Law.

No deference is owed to the factual findings or legal conclusions of the district court on appeal of a district court's judgment in a suit for judicial review under LSA-R.S. 15:1177. Instead, the *de novo* standard of review shall be applied.[4] Stewart v. Department of Public Safety and Corrections, 2019-1205 (La. App. 1st Cir. 5/11/20), 303 So. 3d 352, 355.

The district court dismissed Tubbs's petition for judicial review for failure to state a cause of action reviewable by the court in accordance with the recommendation of the Commissioner. Notably, the Commissioner's recommendation was based on the reasoning that, pursuant to LSA-R.S. 15:574.11(A), no prisoner or parolee shall have a right of appeal from a decision of the Committee on Parole regarding release or deferment of release on parole, with the Commissioner stating as follows:

> The Petitioner provides no evidence that this Court has any authority to review the hearing process or decisions of the Parole Board relative to parole requests or requests for rehearing. There is no statutory basis for the Petitioner to seek review or reconsideration of the Parole Board's decisions. Thus, this Court is without jurisdiction to consider the merits of the Petitioner's claims. ... This Court has no authority in its appellate capacity to interfere with decisions of the Parole Board in this instance.

As set forth above, Tubbs's petition was based on the alleged failure by the Board of Pardons to comply with statutory law in denying his request for commutation of sentence, not on the denial of a request for parole by the Committee on Parole. However, LSA-R.S. 15:572.6 similarly provides that "[n]o person shall have a right of appeal from a decision of the board of pardons or the

---

[4]In Stewart v. Department of Public Safety and Corrections, 2018-1205 (La. App. 1st Cir. 5/11/20), 303 So. 3d 352, 355, this court concluded that an inmate's suit seeking review of a decision of the Board of Pardons regarding commutation is a request for judicial review governed by LSA-R.S. 15:1177.

governor regarding clemency."[5] Stewart, 303 So. 3d at 356.

Nonetheless, this court has recognized a party's right to seek judicial review where the allegations on review are based on the alleged failure of the Board of Pardons to comply with a mandated legal procedure under the Open Meetings Law, rather than an attack on the substance or merits of a decision regarding commutation. See Stewart, 303 So. 3d at 356, and Hoffpauir v. State, Department of Public Safety and Corrections, 99-1089 (La. App. 1st Cir. 6/23/00), 762 So. 2d 1219, 1221-22, writ denied, 2000-2230 (La. 10/27/00), 772 So. 2d 652; see also LSA-R.S. 42:24.

In the instant case, Tubbs sought, at least in part, a declaration that the decision of the Board of Pardons was void pursuant to LSA-R.S. 42:24 of the Open Meetings Law. The primary purpose of the Open Meetings Law is to protect citizens from secret decisions made without any opportunity for public input. Lewnau v. Board of Supervisors of Southern State University, 2019-0943 (La. App. 1st Cir. 1/9/20), 295 So. 3d 419, 424; see LSA-R.S. 42:12. Thus, under the Open Meetings Law, "[e]very meeting of any public body shall be open to the public unless closed pursuant to R.S. 42:16, 17, or 18." LSA-R.S. 42:14(A). Moreover, "[e]ach public body shall be prohibited from utilizing any manner of proxy voting procedure, secret balloting, or any other means to circumvent the intent of the [the Open Meetings Law]." LSA-R.S. 42:14(B). Actions taken by a public body in violation of the Open Meetings Law shall be voidable by a court of competent jurisdiction if suit is commenced within sixty days of the action. LSA-R.S. 42:24. Thus, the Open Meetings Law specifically grants a cause of action to void the actions of a public body taken in violation of the provisions of that law.

However, while seeking a declaration that the action by the Board of

---

[5]An application for commutation is nothing more than an appeal for clemency. Damone v. Whitley, 96-0635 (La. App. 1st Cir. 5/9/97), 694 So. 2d 1205, 1208 n.6.

Pardons in denying his request for commutation was void pursuant to LSA-R.S. 42:24 of the Open Meetings Law, Tubbs did not allege a violation of any specific provision of the Open Meetings Law in his petition. Instead, he alleged a violation of LSA-R.S. 15:572.1 of the statutory provisions governing "Reprieve and Pardon," by the Board of Pardons in denying his request for commutation by a "split decision." Cf. Stewart, 303 So. 3d at 356 (wherein the inmate's petition for judicial review alleged facts ostensibly implicating the Open Meetings Law, including, in part, the allegations that information had been provided to the Board of Pardons outside of the hearing process, the Board of Pardons denied entrance to a person speaking on behalf of the inmate, the hearing rooms were of insufficient capacity for the public and supporters to attend, and website notifications of the decision of the Board of Pardons were not updated timely), and Hoffpauir, 762 So. 2d at 1220-1221 (wherein the challenge by the wife and daughter of the murder victim to clemency granted to the convicted murderer alleged that the Board of Pardons violated the Open Meeting Law in its vote recommending clemency, which vote was allegedly changed after the close of the public hearing). As such, Tubbs failed to allege any facts to state a cause of action pursuant to LSA-R.S. 42:24 of the Open Meetings Law.

Moreover, even if we were to assume, without deciding, that the language of LSA-R.S. 15:572.6 stating that "[n]o person shall have a right of appeal from a decision of the board of pardons or the governor regarding clemency" applies only to an attempted appeal of the **substance** of the decision on clemency and that an inmate nonetheless has the right to appeal an alleged violation of a statutorily

mandated procedure in the decision on clemency,[6] we note that under the facts alleged by Tubbs in the petition for judicial review, he simply has not alleged such a statutory violation. In his petition for judicial review, Tubbs alleged that **two** members of the Board of Pardons voted favorably for his request for commutation. However, LSA-R.S. 15:572.1(E) clearly states that "all actions of the board shall require the **favorable vote of at least four members** of the board." (Emphasis added). Because Tubbs alleged in his petition that there were **favorable votes** on his request for commutation **by only two members** of the Board of Pardons, the Board of Pardons could not recommend commutation to the Governor under the provisions of LSA-R.S. 15:572.1(E). As such, Tubbs simply has not alleged any violation of law in the Board of Pardons' actions in denying his request for commutation.

For these reasons, we find no error in the district court's dismissal, without prejudice, of Tubbs's petition for judicial review of the Board of Pardons' refusal to grant his request for commutation on the basis of his failure to state a cause of action reviewable by the district court.

---

[6]While the statutory scheme relating to parole provides for no judicial review other than a limited statutory grant of appellate jurisdiction to the Nineteenth Judicial District Court to review decisions of the Parole Board **only** where a denial of a revocation hearing under LSA-R.S. 15:574.9 is alleged or the procedural due process protections specifically afforded for such a hearing were violated, see LSA-R.S. 15:574.11(A) and Leach v. Louisiana Parole Board, 2007-0848 (La. App. 1st Cir. 6/6/08), 991 So. 2d 1120, 1124, writs denied, 2008-2385 (La. 8/12/09), 17 So. 3d 378 and 2008-2001 (La. 12/18/09), 23 So. 3d 947, we note that the language of LSA-R.S. 15:572.6 denying the right to judicial review of a decision of the Board of Pardons contains no similar limited grant of judicial review based on alleged procedural violations. Moreover, this court, while noting that the denial of the right to judicial appeal of an action of the Board of Pardons is in "direct conflict" with the Administrative Procedures Act (the APA), LSA-R.S. 49:950 et seq., has further recognized that pursuant to LSA-R.S. 15:572.4(A), the Board of Pardons is required to comply with the APA only when adopting its rules. Richey v. Hunter, 407 So. 2d 427, 430 (La. App. 1st Cir. 1981).

However, as discussed in the body of this opinion, we need not decide whether the denial of judicial review in LSA-R.S. 15:572.6 would likewise apply to judicial review of an alleged violation of procedural voting requirements statutorily provided in LSA-R.S. 15:572.1(E) given our finding that the facts alleged by Tubbs in his petition do not support such a statutory violation.

## CONCLUSION

For the above and foregoing reasons, the district court's June 25, 2020 judgment, dismissing, without prejudice, Tubbs's request for judicial review for failing to state a cause of action reviewable before the district court, is affirmed. Costs of this appeal are assessed against Joe Nathan Tubbs, DOC #68556.

**AFFIRMED.**