NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2020 CA 1262

DONALD FORD

VERSUS

LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS

Decision Rendered: **JUN 1 7 2021**

* * * * * * *

ON APPEAL FROM
THE 19th JUDICIAL DISTRICT COURT
EAST BATON ROUGE PARISH, LOUISIANA
DOCKET NUMBER C690,836, SECTION 23

HONORABLE WILLIAM A. MORVANT, JUDGE

* * * * * * *

Donald Ford
Angola, Louisiana

Proper Person
Appellant

Heather Hood
Baton Rouge, Louisiana

Attorney for Defendant/Appellee
Louisiana Department of Public
Safety and Corrections

**BEFORE: McDONALD, HOLDRIDGE, and PENZATO, JJ.**

Holdridge J. concurs w/ results

Penzato, J - concurs (by jmm)

**McDONALD, J.**

An inmate appeals a judgment dismissing his petition for judicial review of Administrative Remedy Procedure (ARP) Number LSP-2019-1347. The district court dismissed the petition based on its conclusions that the inmate sought review of a pardon board decision, and the district court did not have jurisdiction to review such decisions. After review, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

Donald Ford is an offender in the legal custody of the Louisiana Department of Public Safety and Corrections (DPSC) and is serving sentences for aggravated kidnapping and armed robbery at Louisiana State Penitentiary (LSP) in Angola, Louisiana. In late 2017, Mr. Ford filed an application for clemency-commutation of sentence (clemency application) with the Louisiana Board of Pardons and Parole.[1] After a hearing on the matter in May 2019, the Louisiana Board of Pardons[2] (the Pardon Board) informed Mr. Ford in writing that it had denied his clemency application and recommended that he undergo a mental health assessment.

In June 2019, Mr. Ford filed a request for administrative remedy claiming: (1) the Pardon Board had not notified the Angola Mental Health Department, DPSC, or him regarding the purpose or date of his mental health assessment, nor to whom the results should be sent; (2) he had not received notice of the rescheduled hearing date once the assessment was complete; (3) he had not received the Pardon Board's reasons; (4) the assessment had not been scheduled; and (5) a Pardon Board member had made derogatory comments about his mental health at the clemency hearing. Mr. Ford's ARP requested that the above notices and reasons be sent, a Pardon Board hearing be re-set after his mental health assessment, the May 2019 Pardon Board hearing be memoralized via video/transcript/notes for judicial review, and that he be told how to get a copy.

---

[1] Louisiana Administrative Code Title 22, Part V, §201, defines available types of clemency.

[2] The parties and the 19th JDC Commissioner inconsistently reference the Board of Pardons as the "Parole Board," the "Clemency Board," the "Parole/Pardon Board," and the "Clemency Board of the Board of Parole." Under the authority of La. R.S. 15:572-576, the Board of Pardons is the entity that denied his application. The former Board of Parole no longer exists; effective August 1, 2012, the Board of Pardons, functioning as the committee on parole, succeeded to and assumed control of the affairs of the former Board of Parole. *See* La R.S. 15:574.2A, D, and E, and 2012 La. Acts No. 714.

2

The LSP Warden's Office assigned Number LSP-2019-1347 to Mr. Ford's ARP and notified him that a response would be issued within 40 days. By memo dated July 29, 2019, the LSP Mental Health Department informed Mr. Lars Ducote, presumably a DPSC employee, that it had not received a referral to evaluate Mr. Ford, but would do so when it received a referral. A deputy warden sent Mr. Ford a First Step Response Form notifying him that the LSP Mental Health Department had not received the referral and telling him his ARP could not be granted at that time. Mr. Ford sought further administrative review. DPSC sent him a Second Step Response Form again denying his ARP, and stating "[N]o information has been received from the [Pardon Board] regarding your claim that the [Pardon Board] had ordered you to have a mental health evaluation completed. … You have failed to provide any evidence to substantiate your allegations or that would cause us to believe otherwise. … [N]o further investigation [is] warranted."

On November 18, 2019, Mr. Ford filed a petition for judicial review against DPSC in the 19th Judicial District Court (JDC) under the Corrections Administrative Remedy Procedure, La. R.S. 15:1171-1179. Mr. Ford sought a declaratory judgment that the Pardon Board had made a "stipulation" requiring that he undergo a mental health evaluation and that there be a re-scheduled hearing. He claimed the "stipulation" was made "in a bias[ed], capricious[,] and prejudicial manner" and implied a stigma against mental illness. He also sought "all relief" requested in his ARP.

On January 24, 2020, DPSC answered the petition, admitting the Pardon Board recommended that Mr. Ford undergo a mental health assessment, stating that it was unsure why the recommendation had not been forwarded to the LSP Mental Health Department, and stating that the assessment would be scheduled. DPSC also filed its administrative record of ARP #LSP-2019-1347 into the district court record. After a 19th JDC Commissioner issued a briefing order, Mr. Ford filed two responses; DPSC did not respond.

The 19th JDC Commissioner later issued a report recommending that the district court dismiss Mr. Ford's petition for judicial review. See La. R.S. 13:711 & 713A. The Commissioner found Mr. Ford's petition sought relief solely against the Pardon Board, not

3

against DPSC; that the district court had "no authority in its appellate capacity to interfere with decisions of the [Pardon Board];" and there was no evidence that DPSC's decisions regarding Mr. Ford's ARP were erroneous. On September 3, 2020, the district court signed a judgment, adopting the Commissioner's recommendation, and dismissing Mr. Ford's petition with prejudice. *See* La. R.S. 13:713C(5).

Mr. Ford appealed from the adverse judgment. After the appeal was lodged, this court denied Mr. Ford's request for in-person oral argument, because he had not filed it within 30 days of the record's lodging. *Donald Ford v. La. DPSC,* 20-1262 (La. App. 1 Cir. 4/6/21) (unpublished order). Mr. Ford sought reconsideration of his oral argument request, contending his request was timely, because he filed it within 30 days of receiving this court's April 13, 2020 hearing docket. Under Rule 2-11.4 of the Uniform Rules, Courts of Appeal, a request for permission to orally argue must be made within 30 days after the filing of the record in the appellate court. Here, the record was lodged on December 18, 2020, and Mr. Ford's oral argument request was filed March 23, 2021. Because his request was made more than 30 days after the filing of the record, Mr. Ford was not entitled to oral argument.

## DISCUSSION

An offender aggrieved by an adverse decision of DPSC rendered pursuant to any administrative remedy procedures may seek judicial review of the decision in the 19th JDC. *See* La. R.S. 15:1177A. On review of the DPSC decision, the district court functions as an appellate court. *Williams v. La. DPSC,* 18-0268 (La. App. 1 Cir. 9/21/18), 257 So.3d 690, 692-93. The district court's review shall be confined to the record and shall be limited to the issues presented in the petition for review and the ARP request filed at the agency level. La. R.S. 15:1177A(5). On review of the district court's judgment in a suit for judicial review under La. R.S. 15:1177, an appellate court owes no deference to the district court's factual findings or legal conclusions. *Id.; Holder v. LeBlanc,* 19-1268 (La. App. 1 Cir. 5/11/20), 2020 WL 2315589, *2. A reviewing court may reverse or modify the administrative decision only if substantial rights of the appellant have been prejudiced because the administrative decisions or findings are: (1) in violation of

4

constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary, capricious, or characterized by an abuse of discretion or clearly unwarranted exercise of discretion; or (6) manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. La. R.S. 15:1177A(9); *Williams,* 257 So.3d at 692.

We first note that, under La. R.S. 15:572.6, "[n]o person shall have a right of appeal from a decision of the board of pardons … regarding clemency."[3] *See Tubbs v. La. Board of Pardons,* 20-0892 (La. App. 1 Cir. 2/22/21), 2021 WL 671338, *2. *Also see* Louisiana Administrative Code Title 22, Part V, Chapters 1 & 2 (rules regarding the Pardon Board's administration and clemency procedures). This court has recognized a narrow exception to La. R.S. 15:572.6's broad prohibition against appeals from clemency decisions. That is, if a clemency applicant properly alleges the Pardon Board violated the Open Meetings Law, La. R.S. 42:14A, then the right to appeal may exist. *See Stewart v. DPSC,* 19-1205 (La. App. 1 Cir. 5/11/20), 303 So.3d 352, 356-57; *Hoffpauir v. State, DPSC,* 99-1089 (La. App. 1 Cir. 6/23/00), 762 So.2d 1219, 1221-22. Here, however, Mr. Ford does not allege the Pardon Board violated the Open Meetings Law. Thus, to the extent Mr. Ford otherwise challenges the Pardon Board's clemency decision, the district court correctly determined he has no right of appeal, and we affirm the judgment insofar as it dismisses those claims. For clarity, the dismissed claims include Mr. Ford's claims that the Pardon Board: (1) notify the Angola Mental Health Department, DPSC, and him regarding the purpose or date of his mental health assessment; (2) provide notice of the rescheduled hearing date once the assessment was complete; (3) provide reasons for the denial; (4) schedule the assessment; (5) erred in making derogatory comments about his

---

[3] In its recommendation to the district court, the Commissioner incorrectly references La. R.S. 15:574.11A as the applicable statute prohibiting Mr. Ford's appeal from the Pardon Board's clemency decision. Louisiana Revised Statute 15:574.11A prohibits appeal from certain decisions made by *DPSC's parole committee* and does not apply to *Pardon Board* clemency decisions. *See* La. R.S. 15:574.2A(1). Louisiana Revised Statute 15:572.6 is the applicable statute that prohibits Mr. Ford's appeal from the Pardon Board's clemency decision. Notably, in *Tubbs,* also a clemency case, the Commissioner made this same legal error by citing to La. R.S. 15:574.11A (applicable to parole) rather than to La. R.S. 15:574.6 (applicable to clemency). *Tubbs,* 2021 WL 671338 at *2.

5

mental health at the clemency hearing; (6) memorialize the hearing; and (7) tell him how to get a copy.

However, on *de novo* review, we note that the district court erred in limiting its review to Mr. Ford's challenge to the Pardon Board's clemency decision. In its appellate capacity under La. R.S. 15:1177A(5), the district court was required to review "the issues presented in the petition for review *and* the [ARP] request filed at the agency level." (Emphasis added.) Although difficult to decipher, we construe Mr. Ford's petition, along with his ARP request, as additionally challenging DPSC's failure to schedule the mental health assessment ordered by the Pardon Board. Our interpretation is supported by DPSC's answer, wherein DPSC acknowledges Mr. Ford's claim that he was denied access to a mental health assessment, admits the Pardon Board clemency denial included a recommendation that Mr. Ford undergo a mental health assessment, and asserts that DPSC would schedule such an assessment.

As evidenced by Mr. Ford's appeal, DPSC apparently did not schedule the assessment between the date of its answer (January 24, 2020) and the date of the district court's judgment (September 3, 2020); nor does the record show the assessment was scheduled after Mr. Ford appealed. Although it is unfortunate that DPSC apparently failed to abide by its above judicial assertion, we conclude any failure by DPSC to schedule the recommended mental health assessment does not require reversal in this case. Under La. R.S. 15:1177A(9), this court may only intervene if the DPSC action/inaction under review has prejudiced a substantial right of the offender. *Ballard v. La. DPSC,* 17-0460 (La. App. 1 Cir. 11/1/17), 233 So.3d 642, 648. A substantial right is analogous to a due process right, in that it is limited to one in which the inmate has a liberty interest, *i.e.,* a right to or a right to be free from. *Wallace v. La. DPSC,* 17-0287 (La. App. 1 Cir. 9/28/17), 232 So.3d 663, 665-66. We concede that DPSC has a duty to provide reasonable medical care to inmates. *See* La. R.S. 15:831A; *Thomas v. La. DPSC,* 20-0833 (La. App. 1 Cir. 2/22/21), 2021 WL 671515, *2; *Robinson v. Stalder,* 98-0558 (La. App. 1 Cir. 4/1/99), 734 So.2d 810, 812. Further, we acknowledge that, when state-prison medical staff are deliberately indifferent to a prisoner's medical needs, the Eighth

6

Amendment may be implicated. *See Hollyfield v. Hurst,* 796 Fed. Appx. 817, 820 (5th Cir. 2019), *relying on Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed 2d 251 (1976); *see generally Patterson v. Allain,* 12-1365 (La. App. 1 Cir. 4/26/13), 116 So.3d 732, 735-36. But, a prison official acts with deliberate indifference only if he both knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Hollyfield,* 796 Fed. Appx. at 820.

Based on a careful reading of this record, and applying applicable law and jurisprudence, we decline to find that the Pardon Board's recommendation created a liberty interest requiring DPSC to schedule Mr. Ford for a mental health assessment after he was denied clemency. *See Williams,* 257 So.3d at 693 (finding reversal of DPSC action not warranted because inmate failed to offer evidence showing how DPSC's actions prejudiced his substantial rights). Even if DPSC had scheduled the assessment, such does not mean the Pardon Board would have reconsidered its denial of Mr. Ford's 2017 clemency application.[4] Additionally, Mr. Ford has not alleged any behavior by DPSC, including its failure to schedule the assessment, which would in any way rise to the level of deliberate indifference.

## CONCLUSION

After a *de novo* review of the record, we conclude the district court did not err in this case. We affirm the district court's September 3, 2020 judgment dismissing the petition for judicial review of ARP #LSP-2019-1347 with prejudice. We assess no costs in this pauper suit.

**AFFIRMED.**

---

[4] Mr. Ford has cited no authority, nor have we found any, requiring that the Pardon Board grant rehearings. We note that the Pardon Board's clemency denial letter informed Mr. Ford of his right to reapply for clemency under Louisiana Administrative Code, Title 22, Part V, Chapter 2, §205D.

7